Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SALLY BECKER, an Individual, ELAINE WALKER, an Individual, KRISTIN MARBLE, an Individual, <br><br> Plaintiffs, <br><br> v. <br><br> HOOD RIVER COUNTY SCHOOL DISTRICT, a Public School District, <br><br> Defendant. | Case No. <br><br> CONSOLIDATED COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)** <br><br> NOT SUBJECT TO MANDATORY ARBITRATION <br><br> **JURY TRIAL REQUESTED** |

COME NOW, Plaintiffs, through counsel, and file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

### INTRODUCTION

This case centers around the Plaintiffs, former employees of Defendant Hood River County School District, and the unlawful religious and medical discrimination they suffered because of their inability to take the COVID-19 vaccine, and the Defendant's refusal to offer reasonable accommodations for the same.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various schools of the Defendant in the Hood River, Oregon area. Defendant is a public school district with more than 500 employees that does regular, sustained governmental activity in the State of Oregon. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

2.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

3.

As described in greater detail below, each of the Plaintiffs worked as public employees at one of the Defendant's schools during the COVID-19 pandemic. Each was an exceptional employee, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

4.

Each Plaintiff also held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines.

5.

The pandemic caused significant disruption for children, parents and teachers, given that children were taught remotely. Thus, it was enormously challenging to return to full time teaching on-site with children who had not had regular school for approximately eighteen months.

6.

Sometime in the summer of 2021, the Defendant imposed a vaccine mandate to its employees, but, consistent with law, permitted employees to apply for religious or medical exceptions to the vaccine. Because of their religious and medical objection to taking the COVID-19 vaccine, each of the Plaintiffs submitted requests for exemptions from the mandate. Their individual stories are below.

7.

**SALLY BECKER**

Plaintiff Sally Becker was employed as a Certified Substitute Teacher and Instructional Assistant in the Spring of 2021 by Defendant. Plaintiff Becker assisted students in Study Hall with classes they had failed or were failing because of the school closures during the pandemic. She also worked as a substitute teacher on a regular basis, earning the trust of teachers, who later asked her to be a substitute for their classrooms more regularly.

8.

Plaintiff Becker was excited to return to work in August 2021, and she was offered substitute teaching jobs on a regular basis. Shortly after, the COVID-19 vaccination mandate was announced for all K-12 school district staff, substitutes, and volunteers to become fully vaccinated.

9.

Plaintiff Becker applied for a religious exception on September 8, 2021, due to her strongly held Christian beliefs. Plaintiff Becker believes that all humans are "fearfully and wonderfully" created by God and that life begins at conception. Due to this conviction, she is not allowed by

God to participate in the murder of another human life being formed in its mother's womb. She could not take the vaccine as they had been tested or manufactured using aborted fetal cells. In addition, Plaintiff Becker believes that as a child of God, she only responds to His direction as to what to place in her body, and He directed her to not take the COVID-19 vaccine. Plaintiff has refused vaccinations for herself and her children prior to the vaccine mandate.

10.

Plaintiff Becker also applied for a medical exception on September 8, 2021, from the COVID-19 vaccine and other mandated vaccines. Plaintiff was given a vaccine mistakenly in the past and developed a severe spinal condition. She believes that the vaccine was responsible.

11.

Plaintiff Becker did not hear from anyone as to whether she would be allowed to continue teaching. She worked regularly as a substitute teacher from September to October 17, 2021. Plaintiff Becker was concerned that students were being encouraged to get vaccinated and those students with religious reasons for not getting vaccinated were mocked. On October 17, 2021, the school district Superintendent sent a letter to staff regarding additional measures that unvaccinated staff would need to abide by. Plaintiff Becker felt threatened by the letter as she thought it singled out unvaccinated staff as unsafe, and that everyone would know who the unvaccinated staff were by the additional measures they would need to take. Plaintiff Becker was informed that her exception request was approved if she was willing to comply with the accommodations. Plaintiff Becker let the school district know that she would not comply as the unreasonable accommodations demonstrated segregation, and she did not want to model that to students. These unreasonable accommodations included wearing a KN95 mask and face shield, only eating and drinking when no one else was there, and maintaining a distance of six feet from students and staff when possible. Plaintiff was informed that if she did not comply, she would no longer be allowed to work at the school. Plaintiff was willing to continue working with a regular mask, regular hand sanitizing and protective distancing when possible.

12.

Plaintiff Becker applied to work at a private Christian school in Hood River and began to substitute teach there. However, as she was new, there were few available hours, and the school paid less. Plaintiff Becker's lack of hours and pay made it hard for her family to save towards their goal of building a home.

13.

Due to the difficulties of the situation, Plaintiff Becker and her husband experienced marital strain and sought counseling. Plaintiff Becker's children also suffered due to the stress of being unvaccinated at school, and her son sought counseling. Her children were being taught that they could kill people by not being vaccinated. Plaintiff Becker and her family decided to move away from Hood River due to the infringement of their religious beliefs by the Hood River County School District, and the effect it had upon the family's mental health and safety.

14.

Plaintiff Becker has been traumatized by this experience and has experienced mental and emotional distress, including anxiety and depression. She worked hard, loved her job, and was committed to teaching children. The Defendant's wrongful termination of her and discrimination against her has left an indelible, painful mark.  Plaintiff Becker still has a fear of working in a school setting, which she loved for many years.

15.

Plaintiff Becker received a right to sue letter from the EEOC on October 17, 2023.  Plaintiff Becker suffered economic damages of at least $120,000.00 in lost wages, benefits and costs, and non-economic damages of at least $200,000.00, or an amount to be determined at trial.

16.

**ELAINE WALKER**

Plaintiff Elaine Walker worked for approximately fourteen years as a substitute teacher for South Lane School District, primarily at Mid Valley Elementary School. She has also been a part

of the reading assessment team for Defendant. Administering the assessment throughout the district elementary schools takes approximately two weeks, three times a school year. In addition, Plaintiff Walker has been on the district's Talented and Gifted (TAG) assessment team, which takes place in the fall for two weeks. Plaintiff Walker is a dedicated employee who consistently received positive reviews. From October 2020 to June 2021, Plaintiff Walker was employed in a temporary fifth grade position, teaching online, then in person.

17.

On August 25, 2021, Plaintiff Walker received an email from the Parkdale Elementary School Principal asking if she was interested in either of two positions that were open. Plaintiff Walker reviewed the positions but noted that COVID-19 vaccination was required. There was no mention of exceptions being allowed for religious or medical reasons. At this time the COVID-19 vaccine mandate was not in effect, but Plaintiff Walker was prevented from applying. Plaintiff Walker was disappointed, as this full-time position would have had an impact on her retirement.

18.

In September 2021, Plaintiff Walker resumed substitute teaching for the school district and working as a member of the district's reading and TAG assessment team. On September 14, 2021, Plaintiff Walker was asked if she would be interested in a part-time position at Mid Valley Elementary School. Plaintiff Walker was delighted as she knew the school and staff well and had taken multiple long-term substitute teaching positions there. Plaintiff Walker submitted her religious exception request, which was granted. Plaintiff Walker is an Episcopalian Christian, who had for months prayed for guidance about the COVID-19 vaccines. She believes that life begins at conception and that she cannot knowingly support or partake in the vaccines, as they were developed or tested using aborted fetal cell lines. To do so would constitute a violation of His commandments, "Thou shalt not kill," for which she would be held morally accountable. Plaintiff Walker was sent a letter outlining the accommodations that would be necessary. These included wearing a surgical mask and face shield or KN95 mask and district approved goggles, only being

allowed to eat and drink in an enclosed space when she was alone or outside, and maintain at least six feet distance from others to the extent possible.  In addition, Plaintiff Walker would not be allowed in certain schools, could not participate in the reading assessments, but was allowed to participate in TAG assessments if she could maintain distance (which she couldn't).  Not being on the assessment teams meant that Plaintiff Walker missed out on approximately eight weeks of guaranteed work. Plaintiff Walker complied with the accommodations.  In March 2022, when mask mandates were dropped for vaccinated staff, Plaintiff Walker was forced to choose between two options that involved yet more singling out from other staff members.

19.

Throughout this whole experience, Plaintiff Walker suffered both emotionally and mentally. She struggled with feeling unvalued, disrespected, ridiculed, lonely, discriminated against, isolated, depressed and anxious. She was made to feel that she didn't support or care about the community as she would not get vaccinated.  Plaintiff Walker suffered economic damages of at least $44,399.00 in past and future wage loss and benefits, and non-economic damages of at least $50,000.00, or an amount to be determined at trial. Plaintiff Walker received a right to sue letter from the EEOC on September 18, 2023.

20.

**KRISTIN MARBLE**

Plaintiff Kristin Marble was employed as a teacher for approximately four years in the Hood River School District. In January 2021, Plaintiff Marble was the only teacher from her first-grade team that agreed to return to in-person teaching to work with a small group of students. Plaintiff Marble and her students wore masks and followed social distancing guidelines, and the students were allowed to eat and drink in class. Plaintiff Marble consistently received excellent performance reviews each year.

21.

At the beginning of the school year in September 2021, Plaintiff Marble returned to school

to teach. Both she and her students wore masks, and social distanced. The students were allowed to eat and drink in class, and Plaintiff Marble was allowed to drink in class. Plaintiff Marble applied for a religious exception on October 18, 2021, due to her sincerely held Christian beliefs. Plaintiff Marble's exception request was approved but with unreasonable accommodations.

22.

Initially unvaccinated staff were to be placed on unpaid leave by the school district, but this was replaced with additional requirements for unvaccinated staff. Plaintiff Marble was forced to wear not only a KN95 mask but also a face shield. She was no longer allowed to eat or drink in the presence of others, including water. In November 2021, Plaintiff Marble was taken to the emergency room as she became dizzy during a fire drill outside. She was given fluids as she had not been able to drink anything all morning and was advised to not do any kind of exercise while wearing a mask and shield (she had been moving around to keep warm). The emergency room doctor thought that Plaintiff Marble was suffering from anxiety.

23.

Plaintiff Marble felt continually pressured to take the vaccine, and many colleagues questioned her choices and did not honor her religious beliefs. In addition, she was required to wear her additional PPE when meeting with families, which raised more questions and comments. Plaintiff Marble did not feel safe, respected, or included. She has suffered mental and emotional distress, including stress and anxiety. She has suffered economic damages of at least $2,100.00 in out-of-pocket expenses, and non-economic damages of at least $5,000.00 or in an amount to be determined at trial. Plaintiff Marble received a right to sue letter from the EEOC on September 28, 2023.

24.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating their unreasonable accommodations.

25.

The Defendant's adverse employment actions against Plaintiffs were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory and retaliatory. Each of the Plaintiffs should have been given reasonable accommodations to continue working for Defendant.

26.

Each of the Plaintiffs have suffered economic loss and emotional distress.

27.

**FIRST CLAIM FOR RELIEF – All Plaintiffs**

**(Unlawful Employment Discrimination Based on Religion**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

28.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

29.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

30.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

31.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, Plaintiffs were singled out, isolated, and made to wear additional personal protective equipment. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual discriminations.

32.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

33.

**SECOND CLAIM FOR RELIEF- All Plaintiffs**

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –**

**42 U.S.C. §2000e et seq.)**

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

34.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

35.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

36.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to accommodate Plaintiffs' religious beliefs.

37.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, Plaintiffs were singled out, isolated, and made to wear additional personal protective equipment. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful workplace unfairness.

38.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, but that exceeds $421,499.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages and attorney's fees.

### THIRD CLAIM FOR RELIEF -Plaintiff Becker
### (Unlawful Employment Discrimination Based on Disability
### in Contravention of Or. Rev. Stat. § 659A.112)

39.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

40.

Plaintiff is a member of a protected class on the basis of her medical condition because she is unable to submit to a COVID-19 vaccine, due to an imminent threat to her life.

41.

Defendant failed to make a good faith effort to accommodate Plaintiff's medical exception. It would not have been an undue burden to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

42.

Instead of finding reasonable accommodation or a set of accommodations for her medical exception, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being given unreasonable accommodations. The unlawful discrimination against Plaintiff' by Defendant as outlined above was a proximate cause of Plaintiff's wrongful workplace unfairness.

43.

As a result of Defendant's violation of O.R.S. 659A.112, Plaintiff has been damaged in an

amount of no less than $120,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

### FOURTH CLAIM FOR RELIEF -Plaintiff Becker
### (Unlawful Discrimination in Contravention of American Disabilities Act
### 42 U.S.C. §12101 et seq.)

44.

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

45.

Plaintiff is a member of a protected class due to a medical condition that causes life-threatening reactions to vaccines, which became mandated during the COVID-19 pandemic.

46.

When Plaintiff informed Defendant of her medical concerns regarding the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff. It would not have been an undue burden to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

47.

Instead of finding reasonable accommodation or a set of accommodations for her medical status, the Defendant engaged in a series of adverse employment actions culminating in unfair and draconian accommodations. The unlawful discrimination against Plaintiff's medical disability (and resulting anxiety) by Defendant as outlined above was a proximate cause of Plaintiff's wrongful workplace unfairness.

48.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $120,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant and seek the following relief:

1. A judgment in favor of Plaintiffs and against Defendant on both claims in an amount to be determined at trial but exceeding $421,499.00.
2. Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.
3. Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 13th day of November, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff