IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SALLY BECKER, ELAINE WALKER, and KRISTIN MARBLE, | Case No.: 3:23-cv-01674-AN |
| Plaintiffs, | |
| v. | OPINION AND ORDER |
| HOOD RIVER COUNTY SCHOOL DISTRICT, | |
| Defendant. | |

Plaintiffs Sally Becker ("Becker"), Elaine Walker, and Kristin Marble (collectively, "plaintiffs") bring this action against defendant Hood River County School District, alleging religious discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and Oregon Revised Statute ("ORS") § 659A.030. Becker, individually, alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and ORS § 659A.112. Defendant moves to dismiss plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons stated herein, defendant's motion is GRANTED.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept

as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

## BACKGROUND

Plaintiffs are former employees of defendant who all worked at one of defendant's schools during the COVID-19 pandemic. Compl., ECF [1], ¶ 3. In summer of 2021, defendant, required all employees to be vaccinated against COVID-19, unless, in accordance with Oregon law, the employee had a sincerely held religious belief or medical circumstance that prevented the employee from receiving the vaccine. *Id.* ¶ 6. Plaintiffs applied for and received religious exceptions from the vaccine mandate. *Id.* ¶¶ 9, 11, 18, 21. Becker, in addition, applied for a medical exception.[1] *Id.* ¶ 10. To continue working unvaccinated, plaintiffs were required to wear a face shield and KN95 mask, district approved goggles, isolate to eat and drink, and maintain a six feet distance from others. *Id.* ¶¶ 11, 18, 22. Plaintiffs allege that these accommodations were unreasonable. *Id.* ¶¶ 31, 37, 42, 47.

On November 13, 2023, plaintiffs filed the present lawsuit, alleging that defendant failed to make a good faith effort to accommodate plaintiffs' religious beliefs or Becker's medical condition. *Id.* ¶¶ 30, 36, 41.

## DISCUSSION

**A.    Religious Discrimination Claims**

---

[1] It is unclear from the complaint whether Becker's medical exception was granted.

Plaintiffs' religious discrimination claims for relief under Title VII and ORS § 659A.030 rely on the same factual allegations and are analyzed together. *Lindsey v. Clatskanie People's Utility Dist.*, 140 F. Supp. 3d 1077, 1086 (D. Or. 2015) (considering Title VII and ORS § 659A.030 retaliation claims together because "[t]he substantive analysis . . . is substantially similar").

Title VII failure-to-accommodate claims are analyzed under a two-part, burden shifting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). First, a plaintiff must plead a prima facie case of religious discrimination.[2] *Id.* If an employee articulates a prima facie case, then the burden shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice, or that it could not accommodate the practice without undue hardship. *Id.*

Defendant argues that plaintiffs cannot state a claim for unlawful religious discrimination because the accommodations offered by defendants are (1) explicitly mandated by Oregon Administrative Rule ("OAR") 333-019-1030 in effect at the time; and (2) reasonable as a matter of law. Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF [6], at 4.

1.      *OAR 333-019-1030*

Although no longer in effect, the Oregon Health Authority ("OHA") implemented a vaccine mandate, OAR 333-019-1030, requiring all K-12 school employees to provide either proof of vaccination against COVID-19 or a request for medical or religious exception. Schools that granted medical or religious exceptions were required to "take reasonable steps to ensure that unvaccinated teachers, school staff and volunteers, and school-based program staff and volunteers are protected from contracting and spreading COVID-19." OAR 333-019-1030(5).

---

[2] Defendant does not contest the sufficiency of the prima facie case of religious discrimination pled by plaintiffs.

While defendant is correct that plaintiffs cannot base their Title VII claim on the constitutionality[3] of OHA's vaccine rule,[4] a Title VII claim can be based on unreasonable accommodations that failed to eliminate the conflict between the vaccine requirement and plaintiffs' religious beliefs and failed to reasonably preserve their employment status. *See Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 70 (1986).

      2.    *Reasonable Accommodations*

Title VII "requires an employer to accommodate the religious beliefs of an employee in a manner which will reasonably preserve that employee's employment status, *i.e.*, compensation, terms, conditions, or privileges of employment." *Am. Postal Workers Union, S.F. Loc. v. Postmaster Gen.*, 781 F.2d 772, 776 (9th Cir. 1986). "[W]here a certain aspect of an employment situation creates a religious conflict for a particular employee, the employer must take some initial step to reasonably accommodate the religious belief of that employee." *Id.* (citing *Burns v. S. Pac. Transp. Co.*, 589 F.2d 403, 405 (9th Cir. 1978)). "If the accommodation proposed by the employer fails to eliminate the employee's religious conflict, the employer must implement an alternative accommodation proposed by the employee, unless implementation of that accommodation would cause 'undue hardship' to the employer." *Id.* (citing *Burns*, 589 F.2d at 405).

"Where an employer proposes an accommodation which effectively eliminates the religious conflict faced by a particular employee, however, the inquiry under Title VII reduces to whether the accommodation reasonably preserves the affected employee's employment status." *Id.* at 776-77. "If a proposed accommodation eliminates the employee's religious conflict and the employee rejects the

---

[3] A policy that is constitutional cannot be the basis for a Title VII claim. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 579 (9th Cir. 2000) ("As a threshold matter, we note that, because we ultimately hold that the CBEST was validated properly[,] , , , we could decline to decide whether Titles VI and VII apply.").

[4] The OHA vaccine rule has been found constitutional by other courts in this district. *See Penna v. N. Clackamas Sch. Dist.*, No. 3:22-cv-01417-YY, 2023 WL 6003834, at *2 (Aug. 11, 2023) (finding that "the vaccination requirement imposed by former O.A.R. 333-019-1030 does not violate the Constitution"), *findings and recommendation adopted as modified*, 2023 WL 6850268 (D. Or. Oct. 17, 2023); *Johnson v. Brown*, 614 F. Supp. 3d 776, 782 (D. Or. 2022) (finding that *former* O.A.R. 333-019-1030 satisfied the rational basis test); *Williams v. Brown*, 567 F. Supp. 3d 1213, 1227 (D. Or. 2021) (same).

accommodation 'solely on secular grounds,' Title VII does not require the employer to accept an alternative proposed accommodation." *Mathisen v. Or. Health & Sci. Univ.*, No. 3:22-cv-1250-SI, 2023 WL 6147099, at *5 (D. Or. Sept. 20, 2023) (citing *Am. Postal Workers Union*, 781 F.2d at 776); *see Ansonia Bd. of Educ.*, 479 U.S. at 68 ("We find no basis in either the [Title VII] statute or its legislative history for requiring an employer to choose any particular reasonable accommodation. By its very terms the statute directs that any reasonable accommodation by the employer is sufficient to meet its accommodation obligation. . . . Thus, where the employer has already reasonably accommodated the employee's religious needs, the statutory inquiry is at an end.").

Plaintiffs allege that defendant failed to reasonably accommodate their sincerely held religious beliefs. Compl. ¶¶ 30, 36. In specific, plaintiffs allege that they were "singled out, isolated, and made to wear additional personal protective equipment."[5] Compl. ¶ 37. Plaintiffs, however, have not "plausibly alleged that the offered accommodation[s] [were] discriminatory (*e.g.*, that masking was offered as an accommodation to employees who objected to receiving a vaccination on religious grounds but was not offered to those who objected on other grounds)." *Mathisen*, 2023 WL 6147099, at *5 (citing *Ansonia Bd. of Educ.*, 479 U.S. at 70-71); *see Penna*, 2023 WL 6003834, at *2 ("[T]o the extent plaintiff argues that he was subject to discriminatory treatment because he was required to wear a mask, distance himself from others during lunchtime, and test for COVID-19, these polices do not support a Title VII violation." (Citations omitted.)). Because the accommodations offered by defendant allowed plaintiffs to refuse the COVID-19 vaccine, it "effectively eliminated the religious conflict." *Am. Postal Workers Union*, 781 F.2d at 776. Plaintiffs have failed to allege a religious objection to defendant's accommodations, and instead, plaintiffs appear to allege differential treatment due to their unvaccinated status. That, however, is not sufficient to support a religious discrimination claim, or an argument that defendant's accommodations failed to eliminate plaintiffs' religious conflict. *See Mathisen*, 2023 WL 6147099, at *5 ("Plaintiff's

---

[5] Plaintiffs allege that defendant required them to wear a face shield and KN95 mask, isolate to eat and drink, and maintain a six feet distance from others. Walker alleges that she was required to wear district approved goggles in addition to the KN95 mask and face shield. Compl. ¶¶ 11, 18, 22.

assertion that masking would not promote safety is a *secular* objection, not a *religious* one. That objection, therefore, does not establish that the offered accommodation to her religious objection was not reasonable for purposes of her claim of religious discrimination.").  Accordingly, plaintiffs' religious discrimination claims under Title VII and ORS § 659A.030 are dismissed.[6]

**B.    Becker's Disability Discrimination Claims**

Becker advances a disability discrimination claim under the ADA and ORS § 659A.112. The standard for establishing a prima facie case of disability discrimination is identical under Oregon law and federal law, thus these claims are considered together.  *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001); *see* Or. Rev. Stat. § 659A.139 (providing that state disability discrimination statute should be construed "to the extent possible in a manner that is consistent with any similar provisions of the [ADA]").

To state a claim for disability discrimination, a plaintiff must show that: (1) they are a qualified individual with a disability; (2) they suffered an adverse employment action; and (3) there is a causal connection between the adverse employment action and the disability.  *Huitt v. Optum Health Servs.*, 216 F. Supp. 3d 1179 (D. Or. 2016).  To establish a claim for disability discrimination due to a failure to make reasonable accommodations, the employee must show that: "(1) she is a person with a disability; (2) her employer was on notice of her disability; (3) she could perform the essential functions of her job either with or without reasonable accommodations; and (4) the employer refused to provide reasonable accommodations."  *Mathisen*, 2023 WL 6147099, at *6 (citing *Noll v. IBM*, 787 F.3d 89, 94 (2d Cir. 2015)).

---

[6] Instead of addressing *any* of defendant's arguments, plaintiffs argue that "any claim of undue hardship by the Defendant at this stage in the proceedings" is forestalled by *Groff v. DeJoy*, 600 U.S. 447 (2023).  Pls.' Resp. to Def.'s Mot. to Dismiss (Pls.' Resp."), ECF [9], at 5.  In *Groff*, the Supreme Court clarified Title VII's standards for "undue hardship."  The "undue hardship" standard, however, applies only if the employer's proposed accommodation fails to eliminate the employee's religious conflict.  *Waggoner v. Am. Med. Resp. Nw., Inc.*, No. 3:23-cv-01518-SB, 2024 WL 1200183, at *2 n. 2 (D. Or. Mar. 5, 2024).  Because plaintiffs have failed to adequately, or plausibly, allege that defendant's accommodations failed to eliminate their religious conflict with the vaccine, *Groff* does not apply.

Defendant argues that Becker's disability claims fail because (1) she has not alleged a qualifying disability; (2) she has not alleged an adverse employment action; and (3) she has not alleged that she put defendant on notice of a disability.  Def.'s Mot. 6-7.  The Court addresses each argument in turn.

1.  *Existence of a Disability*

Under the ADA, a person with a disability includes "an individual who is 'regarded as having' an impairment."  *Equal Emp. Opportunity Comm'n v. BNSF Railway Co.*, 902 F.3d 916, 922 (9th Cir. 2018) (quoting 42 U.S.C. § 12102(1)(C)).  An individual is "'regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  *Id.* (quoting 42 U.S.C. § 12102(3)(A)).

Defendant argues that Becker has not, and cannot, allege a disability based on COVID-19 vaccination status.  *See, e.g.*, *Kerkering v. Nike, Inc.*, No. 3:22-cv-01790-YY, 2023 WL 5018003, at *2 (D. Or. May 30, 2023) ("Courts have invariably rejected the theory that an individual's decision to forgo a vaccination constitutes a disability under the ADA."), *report and recommendation adopted*, 2023 WL 4864423 (D. Or. July 31, 2023); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936 (AMD) (JRC), 2023 WL 2163774, at *6 (E.D.N.Y. Feb. 22, 2023) ("Nor is the plaintiff's vaccination status a disability. . . . The decision to vaccinate or not to vaccinate is a personal choice, while a disability under the ADA is not something a person chooses.")

Becker alleges that she "applied for a medical exception on September 8, 2021 from the COVID-19 vaccine and other mandated vaccines.  Plaintiff was given a vaccine mistakenly in the past and developed a severe spinal condition.  She believes the vaccine was responsible."  Compl. ¶ 10.  Becker argues that this is sufficient to establish that she has "a life-threatening condition."  Pls.' Resp. 9.  Construing this allegation in the complaint most favorable to Becker, it appears that Becker is basing her disability claims not on her vaccination status, but on her spinal condition.  While a spinal condition likely qualifies as a disability, Becker has not alleged that, due to her unspecified spinal condition, she was unable to take the vaccine.  If Becker did so, "[w]ithout anything contradicting that allegation—even if it appears

questionable on its face—such conditions would not be 'a personal choice,'" and thus would qualify as a disability. *See McGinn v. Haw. Symphony Orchestra*, No. 23-00415 JMS-RT, 2024 WL 1348639, at *18 (D. Haw. Mar. 29, 2024) (finding alleged life-long severe asthma, that caused severe adverse reactions to influenzas vaccines in the past, sufficient to state that the plaintiff had a disability).

      2.    *Adverse Employment Action*

      Becker fails to adequately allege an adverse employment action taken by defendant because of her disability. What constitutes an "adverse employment action" is defined broadly. *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000); *see Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (collecting cases). "[A]n adverse employment action exists where an employer's action negatively affects its employee's compensation." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (citing *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir. 2002)) (holding that a reduction in base monthly pay was an adverse employment action even though, with commission and bonuses, it might have equaled the same net pay); *cf. Univ. of Haw. Pro. Assembly v. Cayetano*, 183 F.3d 1096, 1105-06 (9th Cir. 1999) (holding that receiving pay even a couple of days late can seriously affect an employee's financial situation and constitutes substantial impairment under the Contracts Clause). "A warning letter or negative review also can be considered an adverse employment action." *Fonesca*, 374 F.3d at 847 (citing *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)).

      Becker does not allege that she was terminated, suspended, demoted, or suffered any negative consequences whatsoever. Simply stating that defendant "engaged in a series of adverse employment actions," Compl. ¶ 42, is not enough. Becker must state with some particularity exactly what adverse employment actions she suffered.

      3.    *Notice*

      Becker has failed to adequately allege that she placed defendant on notice of her disability. Becker alleges that "when Plaintiff informed Defendant of her medical concerns regarding the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff." Compl. ¶ 46. However, as discussed above, Becker has not stated with particularity exactly what disability she has, and

if that disability prevents her from taking the vaccine.  In turn, without supporting factual allegations indicating the existence of a disability, Becker cannot adequately plead notice.  Moreover, Becker has not explained why, even if she establishes a qualifying disability and notice, the offered accommodations were unreasonable.

For these reasons, the Court dismisses Becker's claims for disability discrimination.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss, ECF [6], is GRANTED. Plaintiffs' complaint is dismissed without prejudice and with leave to amend.  In the event that plaintiffs elect to file an amended complaint, they must do so within fourteen (14) days of this Order.


IT IS SO ORDERED.


DATED this 7th day of August, 2024.

Adrienne Nelson
United States District Judge